## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal Action No. 2024-0008 |
| | ) | |
| **DARIN RICHARDSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**Attorneys:**

**Daniel H. Huston, Esq.**
St. Croix, U.S.V.I.
**Cherrisse R. Woods, Esq.**
St. Thomas, U.S.V.I.
  *For the United States*

**Darren John-Baptiste, Esq.**
St. Thomas, U.S.V.I.
  *For Defendant Darin Richardson*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

THIS MATTER comes before the Court on the United States' "Motion to Continue Trial" (Dkt. No. 159), and its supplement (Dkt. No. 163); Defendant Darin Richardson's ("Defendant") "Corrected Opposition to Motion to Continue Trial" (Dkt. No. 170), and his memorandum in support thereof (Dkt. No. 171); and related filings in connection with the arguments made by the parties at the pretrial conference held on February 12, 2025.[1] For the reasons discussed below, the Court will deny as moot the United States' "Motion to Continue Trial." (Dkt. No. 159).

---

[1] This Memorandum Opinion and Order addresses only the United States' "Motion to Continue Trial" (Dkt. No. 159). The filings related to Defendant's "Corrected Motion in Limine" (Dkt. No. 168) will be addressed in a separate memorandum opinion and order.

I. BACKGROUND

In the "United States' Motion to Continue Trial" (Dkt. No. 159), filed on February 12, 2025 following the pretrial conference in the instant matter, the United States references the "essential premise" of Defendant's oral motion in limine made at the pretrial conference — specifically that "without the trial testimony of Morris Anselmi, the Government would be unable to prove any link between ISG Florida and ISG Virgin Islands, and thus the $107,000 wire transfer from ISG Florida [which underlies the Criminal Conflict of Interest charge brought against Defendant] was irrelevant and prejudicial." *Id*. at 1. The United States maintains that its position is that Mr. Morris Anselmi's ("Anselmi") testimony is not required to establish the nexus between ISG Florida and ISG Virgin Islands. *Id*. Instead, the United States asserts that it will provide circumstantial evidence at trial in the form of bank records, witness testimony. and written communications made by Defendant which would allow a reasonable juror to infer that "the $107,000 wire transfer from ISG Florida was related to the ISG Virgin Islands vendor of the VIHFA . . . ." (Dkt. No. 163 at 1-2). Today, the United States further supplemented its filings to add the proposed testimony of Ms. Kimberly McCollum, the owner of ISG Florida. (Dkt. No. 178 at 1).

The United States further asserts that Anselmi is bedridden due to a medical issue, and between the time Defendant made his oral motion in limine at the February 12, 2025 pretrial conference and the trial set to begin on February 18, 2025, the United States would not logistically be able to make alternative arrangements to obtain Anselmi's testimony. (Dkt. No. 159 at 2). Therefore, the United States argues that *if* the Court were to find "at this belated stage" that the

2

testimony of Anselmi is required to establish the nexus between ISG Florida and ISG Virgin Islands, and therefore the relevance of the $107,000 wire transfer, the trial date should be continued. *Id*. The Government further argues that the continuance should be excluded from any Speedy Trial Act computation due to the unavailability of an essential witness and to serve the ends of justice. *Id*.

Defendant argues that "per the government's motion, Mr. Anselmi is not an essential witness to its case." (Dkt. No. 171 at 2). Further, Defendant asserts that "the reasons for Mr. Anselmi's unavailability have been present throughout the entirety of these proceedings, and those reasons do not appear to be resolvable within any reasonable timeframe that would not run afoul of the speedy trial requirement." *Id*. at 2-3. Defendant asserts in his filing that he has "emphatically . . . always asserted his rights to a speedy trial and continues to do so to this date." *Id*. at 5.

## II.  DISCUSSION

The Senate Judiciary Committee report which accompanied the Speedy Trial Act defined an "essential witness" as "a witness so essential to the proceeding that continuation without the witness would either be impossible or would likely result in a miscarriage of justice." 1974 S.Rep. No. 93–1021, 93d Cong., 2d Sess. 37 (1974), reprinted in Anthony Partridge, Legislative History of Title I of the Speedy Trial Act of 1974, at 123 (1980). The Third Circuit provided further guidance on the definition of an essential witness in *United States v. Hamilton*, 46 F.3d 271 (3d Cir. 1995), a case arising out of the District Court of the Virgin Islands. In *Hamilton*, the Third Circuit held that a witness may be treated as essential if: (1) the Government attorney has

3

demonstrated the impossibility of a conviction without the witness, (2) in the absence of the witness's testimony "a miscarriage of justice may likely occur," even if the Government could convict without their testimony, or (3) "where a witness is unquestionably important to the prosecution's case, and the government has a good faith belief that it will use that witness's testimony at trial . . . ." *Id*. at 277. However, "if the witness's testimony will be merely cumulative or substantially irrelevant, the witness should not be deemed essential." *Id*.

In the instant matter, both the United States and Defendant assert that Anselmi is not an essential witness. (*See* Dkt. No. 159 at 2 ("It is the Government's position that the testimony of Morris Anselmi is not required to prove this nexus."); Dkt. No. 161 at 2 (Defendant asserts that Anselmi fails "the essential witness test.")).

The Court agrees with the parties that Anselmi is not an essential witness. The United States has indicated in its filings that it will not use Anselmi's testimony at trial (Dkt. No. 173 at 2 ("[T]he Government is not seeking to introduce Anselmi's statements at trial)). Further, the United States has repeatedly asserted its belief that it will present sufficient circumstantial evidence at trial to make its case, without any testimony from Anselmi. (*See e.g.* Dkt. No. 159 at 1-2; Dkt. No. 163 at 2; Dkt. No. 173 at 3). In this regard, the United States has stated that it will be able to introduce evidence of the $107,000 wire transfer underlying the Criminal Conflict of Interest charge using bank records, witness testimony, and written communications made by Defendant (Dkt. No. 163 at 1-2). The United States has now also added the proposed testimony of Ms. Kimberly McCollum, the owner of the ISG Florida (Dkt. No. 178 at 1). Thus, as both parties acknowledge, Anselmi's testimony cannot be deemed to be essential.

4

## IV.   CONCLUSION

Because Anselmi is not an essential witness, and the United States' motion was conditioned on a finding by the Court that he was, in fact, an essential witness in that the introduction of evidence regarding the $107,000 hinged on his testimony, the United States' conditional "Motion to Continue Trial" (Dkt. No. 159) will be denied as moot.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the United States' "Motion to Continue Trial" (Dkt. No. 159) is **DENIED AS MOOT.**

**SO ORDERED.**

Dated: February 17, 2025

_____/s/_____
WILMA A. LEWIS
District Judge